WILLIAM J. PROUSE, JR., an infant, by his next friend, William J. Prouse, Plaintiff, v. ARTHUR F. BURLEY, Defendant.

(*March* 2, 1956.)

LAYTON, J., sitting.

*Albert L. Simon* for the Plaintiff.

*Frank O'Donnell, Jr.,* for the Defendant.

Superior Court for New Castle County, No. 391, Civil Action, 1953.

LAYTON, J.:

Whether or not a City ordinance is valid which, in the absence of signs, charges motor vehicle operators with knowledge of the existence of "Boulevard" or "Through Traffic" streets, is not directly before me. The question here presented is whether Section 601(a) and Section 601(b) of the ordinances above set forth are valid in the light of Title 21 *Del. C.* § 505, the language of which is this:

*"Erection of stop signs at designated highways*

"The State Highway Department with reference to State Highways, and local authorities with reference to highways under their jurisdiction, may designate main traveled or through highways by erecting at the entrances thereto from intersecting highways signs notifying drivers of vehicles to come to a full

stop before entering or crossing such designated highway. All such signs shall be illuminated at night or shall be so placed as to be illuminated by the headlights of an approaching vehicle or by street lights."

■ The words "main traveled" and "through highways" appearing in the above section are synonymous with "Boulevard" and "Through Traffic" street as used in the ordinances under review. It is axiomatic that a City ordinance governing the operations of motor vehicles is invalid if in conflict with a State Statute. *Cyclopedia of Automobile Law and Practice*, Vol. I, Sec. 31. *Bartlett v. McDonald*, 59 *Ohio App.* 85, 17 *N. E.* 2d 284; *Maxwell v. Kirkpatrick*, 22 *Tenn. App.* 21, 116 *S. W.* 2d 340. Thus, if Section 601(b) had required motor vehicle operators to come to a full stop before entering a "Boulevard" street, it would be ineffective unless it also provided for the erection of a stop sign. Does the fact that Section 601(b) requires motor vehicle operators to slow to ten miles per hour rather than come to a full stop remove it from the operation of Title 21 *Del. C.* § 505? I think not.

The Legislature has seen fit to grant to State and local authorities the right to designate main traveled or through highways if (1) stop signs are erected at the entrances thereto with the result that (2) traffic must halt before entering such throughways and (3) warning of the existence of the throughway is given. Section 601(b) of the City ordinance conflicts with Title 21 *Del. C.* § 505 in all three respects, *viz.*: (1) emasculating the requirement to come to a full stop, with the result that (2) traffic may proceed into or across such throughways at ten miles per hour instead of first stopping and (3) requiring no warning to the motorist of the existence of the throughway. The conditions imposed by Title 21 *Del. C.* § 505 are in the interest of public safety. Section 601(b) of the City ordinance disregards and conflicts with each of these conditions by substituting less rigid standards of safety and, what is most unfair, gives no warning to the motorist that he is about to enter a throughway.

Under the circumstances, I have no alternative but to conclude that Section 601(b) of the City ordinances is in conflict with the State Motor Vehicle Laws, Title 21 *Del. C.* § 505, and is, consequently, of no force and effect. It follows that paragraph 9(g) of the counterclaim must be stricken.